UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELI ANGELINO,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

26-CV-5572 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant City of New York, through its agency, the New York City Department of Health and Mental Hygiene ("DOHMH"), has violated and is violating his rights secured by the Fourteenth Amendment and the Full Faith and Credit Clause of the United States Constitution. He seeks damages and "[a]n order directing the City to recognize California judgments and register the Plaintiff's birth," which he contends took place in New York City. ("Amend. Compl.", ECF No. 5, at 6.) By order dated July 9, 2026, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff's complaint is dismissed.

**STANDARD OF REVIEW**

This Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally and interpret them to raise the "strongest [claims] that they *suggest*." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint ("Compl.", ECF No. 1) and the amended complaint (Amend. Compl.). Plaintiff filed the amended complaint on July 1, 2026. This Court construes it as a supplement to the complaint because the original complaint includes a fuller accounting of Plaintiff's allegations.[1]

Plaintiff alleges he "is a United States citizen entitled to full recognition of his identity and birth facts[.]" (Amend. Compl. at 5.) He contends that on October 5, 2021, "the Superior Court of California, County of Los Angeles, issued an order establishing the fact, time, and place of Plaintiff's birth," an order that the California court modified and "perfected" by subsequent minute entry order dated January 31, 2024. (Compl. at 5.) Since that time, "[t]he City of New York has persistently refused to recognize this valid judicial order." (*Id.*) Plaintiff explains that he sought relief from New York state courts, including appellate courts, but those courts denied relief. (*Id.*) Plaintiff concludes: "By refusing to give effect to the valid sister-state judgment and its January 31, 2024 correction, the City of New York violates [the Full Faith and Credit Clause found in] Article IV, Section 1 of the U.S. Constitution." (*Id.*)

### A. Plaintiff's Prior State-Court Proceedings in California and New York

Before commencing this action, Plaintiff litigated at least three actions in state court seeking to establish the time, place, and fact of his birth.[2] First, on February 19, 2019, Plaintiff

[1] The Court quotes from the complaint and amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] In the amended complaint, Plaintiff provides a hyperlink to a Google Drive folder containing these state-court documents and incorporates them by reference into the amended complaint. (Amend. Compl. at 5–6.) Even if Plaintiff had not incorporated those documents by reference, the Court would—and now does—

commenced an action in the Superior Court of California, Los Angeles County, seeking "to establish the fact of [his] birth." Order Establishing Fact of Birth, *In the Matter of the Petition of Eli Angelino*, No. 21STPB01525 (Cal. Sup. Ct., Los Angeles Cty. Oct 5, 2021). On October 5, 2021, that court granted Plaintiff's petition and declared that Plaintiff was born in New York County in 1982.[3] *See id.* That court subsequently entered a corrective minute entry order, in which it declared that "Eli Angelino was born [in 1982] at 4:30 A.M. at New York Presbyterian Hospital at 622 W. 168th Street, Manhattan New York, New York." Nunc Pro Tunc Order, *In the Matter of the Petition of Eli Angelino*, No. 21STPB01525 (Cal. Sup. Ct., Los Angeles Cty. Jan. 31, 2024).

Second, on July 1, 2019, Plaintiff commenced an Article 78 proceeding against DOHMH in New York State Supreme Court, New York County. He sought an order directing DOHMH "to issue a Delayed Registration for Birth." *Angelino v. N.Y.C Dept. of Health*, No. 156470/2019, 2019 WL 4575695, at *1 (N.Y. Sup. Ct. Sep. 17, 2019). As set forth in the order resolving that proceeding, "Petitioner claims that he was born in New York City" in 1982 and that "without a birth certificate[,] he cannot receive benefits and Supplemental Security Income." *Id.* In denying Plaintiff's petition, that court explained:

> Petitioner fails to present convincing proof or circumstantial evidence that he was born in New York City. While Petitioner does provide a letter from New York Presbyterian, the letter is insufficient because it is unsigned, does not include the name of either parent and does not attach a copy of Petitioner's medical record. Furthermore, the Baptismal Certificates Petitioner provides were issued on a "conditional basis" because there was no record of Petitioner's baptism and the church was unable to confirm Petitioner in the photos that were provided by Petitioner. Petitioner does not offer any evidence to establish his date of birth, place of birth, birth

---

take judicial notice of them. *See VDARE Found., Inc. v. James*, 162 F.4th 77, 83 (2d Cir. 2025) ("A court may appropriately take judicial notice of filings and judgments made in state courts." (citing *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021)).

[3] In order to protect Plaintiff's privacy, this Court will not use his precise alleged birthdate in this order. *See* Fed. R. Civ. P. 5.2.

> name, or parents' names. Moreover, Respondent conducted a search and provided Petitioner with a document indicating that there are no records of birth for "Eli Angelino" for 1981-1983.

*Id.* at 2.

Third, on February 15, 2024, Plaintiff commenced another Article 78 proceeding in New York Supreme Court, New York County. Plaintiff sought to annul DOHMH's administrative denial of his request for delayed birth registration based on orders from the California state court proceedings. Verified Petition, *Angelino v. N.Y.C. Dept. of Health and Mental Hygiene*, No. 151429/2024 (Sup. Ct., N.Y. Cty. Feb. 15, 2024). DOHMH opposed the petition. They argued that the California orders were not entitled to full faith and credit because Plaintiff did not serve DOHMH with process in the California action, so the California court never obtained personal jurisdiction over DOHMH. *See* Affirmation in Opposition to the Verified Petition, ¶ 35, *Angelino v. N.Y.C. Dept. of Health & Mental Hygiene*, No. 151429/2024 (Sup. Ct., N.Y. Cty. June 17, 2024). Moreover, DOHMH relied on records it obtained from the U.S. Department of State to argue that Plaintiff was born in Lebanon, was not a U.S. citizen, and that his efforts to register his birth were in furtherance of attempted fraud. *Id.* ¶ 42. By order dated October 10, 2024, the court denied Plaintiff's petition "[f]or the reasons set forth in [DOHMH's] papers and discussed at length in open court." Decision & Order on Motion, *Angelino v. N.Y.C. Dept. of Health & Mental* Hygiene, No. 151429/2024 (Sup. Ct., N.Y. Cty. Oct. 10, 2024).

Plaintiff appealed to the Appellate Division, First Department, but on December 18, 2025, that court affirmed the denial of his petition. It reasoned:

> As to the 2021 California order, petitioner did not serve DOHMH with his California petition and failed to provide the California court with a copy of the 2019 Supreme Court judgment. The 2021 California order and its January 31, 2024 order correcting a minute entry are "not entitled to full faith and credit . . . since the [California] court lacked jurisdiction over respondent [DOHMH]" and DOHMH was deprived of a full and fair opportunity to litigate

> the matter (*Matter of Arnold v. Department of Health City of N.Y.*, 174 A.D.2d 409, 409–410, 571 N.Y.S.2d 14 [1st Dept. 1991]). Moreover, the judgment of Supreme Court finding the hospital letter insufficient to prove the fact of petitioner's birth predates the California order by two years and would be entitled to full faith and credit in California, had petitioner served DOHMH with process or provided the California court with a copy of the judgment from this State (*see Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 [1998]).

*Angelino v. N.Y.C. Dept. of Health & Mental Hygiene*, 244 A.D.3d 574, 576 (N.Y. App. Div. 2025).

**B. Plaintiff's Prior Federal-Court Proceeding in This Court**

On October 13, 2024, three days after the denial of Plaintiff's petition in the second Article 78 proceeding in New York Supreme Court, Plaintiff brought an action in this Court seeking full faith and credit for the California orders under 42 U.S.C. § 1983 and the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.* By order dated May 27, 2025, this Court dismissed the complaint, under the doctrine of issue preclusion (or collateral estoppel). This Court reasoned:

> Plaintiff squarely alleges that he raised the "same matter" twice in the Supreme Court of the State of New York. It also appears from the complaint that DOHMH opposed Plaintiff's petition, and the petition was denied on the ground that "petitioner has not demonstrated his entitlement to the relief sought." Collateral estoppel thus bars Plaintiff from relitigating the question of whether he is entitled to delayed registration of his birth in New York because it appears from the face of the complaint that the issue has already been fully litigated in state court and resolved against him.

*Angelino v. N.Y.C. Dept. of Health & Mental Hygiene*, No. 24-CV-7907 (LTS), 2025 WL 1518105, at *5 (S.D.N.Y. May 27, 2025) (internal citation omitted). This Court nevertheless granted him leave to amend his complaint because "the facts alleged in Plaintiff's complaint are sufficiently unclear that there is a possibility that Plaintiff is asserting some claim against DOHMH that was not necessarily decided in the state court action." *Id.*

Instead of filing an amended complaint, Plaintiff, on May 29, 2025, filed a declaration in which he informed this Court that his appeal from the denial of his second New York state-court petition to the Appellate Division was pending, and asked that this Court dismiss his petition without prejudice. By order dated June 20, 2025, this Court construed the declaration as a motion for reconsideration and granted it to the extent of converting the dismissal with leave to replead to a dismissal without prejudice. This Court entered judgment four days later.

## DISCUSSION

### A. Claim Under the Full Faith and Credit Clause

The Court first considers Plaintiff's claim that the California orders are entitled to full faith and credit by the City of New York. This is the same issue that Plaintiff raised in his second Article 78 action in New York Supreme Court.

Federal courts "are required 'to give preclusive effect to state-court judgments whenever the courts of the [s]tate from which the judgments emerged would do so.'" *VDARE*, 162 F.4th at 83 (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Under New York law, the doctrine of issue preclusion (or collateral estoppel) "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Weiss v. Manfredi*, 83 N.Y.2d 974, 976 (1994); *see Seneca Nation v. Hochul*, 58 F.4th 664, 668 (2d Cir. 2023); *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001). The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve*, 269 F.3d at 153 (citation and internal quotation marks omitted).

Here, Plaintiff contends that the California orders must be given force by the City of New York under the Full Faith and Credit Clause. This is the same issue that he raised in his second Article 78 action in New York Supreme Court, which was fully litigated and decided against him. Plaintiff provides no facts suggesting that he lacked a full and fair opportunity to litigate the Full Faith and Credit issue in state court or in subsequent appellate proceedings. Finally, there is no doubt the New York state court's decision, as affirmed by the Appellate Division, was premised on Plaintiff's failed argument under the Full Faith and Credit Clause. *See Angelino*, 244 A.D.3d at 576. This Court is therefore required to give preclusive effect to the New York state court's judgment with regard to its determination that the California orders are not entitled to full faith and credit in New York.[4] Accordingly, this Court dismisses Plaintiff's Section 1983 claim under the Full Faith and Credit Clause for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003) (explaining that a dismissal for issue preclusion is a dismissal for failure to state a claim on which relief may be granted).

**B. Claim under the Fourteenth Amendment**

Plaintiff also invokes the Fourteenth Amendment. This Court liberally construes Plaintiff's invocation of the Fourteenth Amendment as asserting claims of a denial of procedural due process and a denial of his rights to citizenship.

**1. Procedural Due Process**

A plaintiff seeking to establish a procedural due process claim under 42 U.S.C. § 1983 must allege that (1) he possessed a life, liberty or property interest and (2) the defendants deprived him of that interest without providing constitutionally adequate process. *Ortiz v. McBride*, 380

[4] In any event, the Full Faith and Credit Clause does not "give 'rise to a right vindicable in a § 1983 action.'" *Meissner v. City of New York*, No. 23 CIV. 1907 (NRB), 2025 WL 712744, at *4 (S.D.N.Y. Mar. 5, 2025) (quoting *Adar v. Smith*, 639 F.3d 146, 153 (5th Cir. 2011)).

F.3d 649, 654 (2d Cir. 2004) (citation omitted); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Thus, "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.* at 126.

"The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 276 (1970) (internal quotation marks and citations omitted). When the deprivation at issue is pursuant to established state procedures, due process ordinarily requires some kind of hearing before a final deprivation of an individual's liberty or property interest.[5] *See Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 299 (1981); *Rivera-Powell v. New York City Board of Elections*, 470 F.3d 458, 465 (2d Cir. 2006); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (citation omitted).

Here, Plaintiff seeks recognition of the California orders. (Amend. Compl. at 6.) This is the same relief that he pursued administratively with DOHMH and subsequently with New York state courts, including an appellate court, all of which ruled against him. Even assuming, for purposes of this order, that Plaintiff has a property interest in delayed registration of his birth

---

[5] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom," or is "the result of a decision made by a high-ranking official with 'final authority over significant matters.'" *Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

certificate, his allegations show that he had an opportunity to be heard in state court before being finally deprived of that interest. Plaintiff has not identified any deficiency in the state court procedures, and he thus fails to state a Section 1983 claim for a deprivation of his right to procedural due process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Citizenship Clause**

The Citizenship Clause of Section 1 of the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1.

In this action, however, Plaintiff does not seek a declaration that he is a citizen, which is relief that would be potentially available under 8 U.S.C. § 1503(a). Instead, he requests a "declaratory judgment that the City's refusal to honor the California Superior Court orders" violates his rights, and "an order directing the City to recognize the California judgments and register the Plaintiff's birth." (Amend. Compl. at 6.) As this Court explained in Plaintiff's prior federal court action:

> Defendant DOHMH is an agency of the City of New York and does not play any role in determining citizenship. Moreover, nothing in the complaint suggests that the DOHMH's decision about delayed registration of the alleged fact of Plaintiff's birth to unknown parents in New York turned on an interpretation of Section 1 of the Fourteenth Amendment or on his entitlement to United States citizenship, rather than on state and local vital records laws.

*Angelino*, 2025 WL 1518105, at *3. Plaintiff therefore fails to state a claim under the Citzenship Clause of the Fourteenth Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint and amended complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend his complaint.

**D. Motion to Participate in Eletronic Filing Denied**

Plaintiff also filed a motion for permission to participate in electronic case filing. (ECF No. 6.) Because this action is now closed, the motion for permission to participate in electronic case filing is denied as moot.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court denies as moot Plaintiff's motion for permission to participate in electronic case filing. The Clerk of Court is directed to terminate the motion pending at ECF No. 6.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This Court directs the Clerk of Court to enter judgment.

**SO ORDERED.**

Dated: JUL 28 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge